■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES PILGRIM, Appellant, v. WILLIAM QUICK, as Director of Mid-Hudson Rehabilitation Center, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated November 6, 1968, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Barnes* v. *Quick,* 32 A D 2d 891, mot. for lv. to app. den. 25 N Y 2d 740). Brennan, Acting P. J., Benjamin, Martuscello and Kleinfeld, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to sustain the writ, with the following memorandum: In May, 1968 relator, as the result of a petition filed by his mother under section 206 of the Mental Hygiene Law, was taken into custody and detained for examination and interrogation by a physician. He was then brought to the Supreme Court and advised that the petition and the report of the medical examination stated reasonable grounds to believe that he was a narcotic addict. He was told that he had the right to counsel and "to a hearing as provided in Section 206 of the Mental Hygiene Law." At that time section 206 did not provide for a jury trial on the issue of addiction. Relator waived his rights to counsel and to a hearing and subsequently was committed to civil confinement as a narcotic addict. He now seeks release under habeas corpus. The initial detention and examination were illegal and the information obtained during the course of the detention afforded no foundation for the subsequent proceedings in the Supreme Court (*Matter of James,* 22 N Y 2d 545, 552–554). These defects were not cured by the waiver of his rights by relator, for he was not advised and, indeed, could not have been advised that the hearing to which he was entitled included a jury trial on the issue of addiction. This was so because the statute did not provide for a jury trial until its amendment effective June 16, 1968 (L. 1968, ch. 772). But without a provision for a jury trial, the statute was unconstitutional (cf. *People* v. *Fuller,* 24 N Y 2d 292; *People ex rel. McNeill* v. *Morrow,* 32 A D 2d 375; *Matter of Coates,* 9 N Y 2d 242). Since relator was not (and could not have been) told of his right to a jury trial, his waiver was incomplete and ineffectual (*Mullane* v. *Central Hanover Trust Co.,* 339 U. S. 306, 314–315; *People ex rel. Barone* v. *Fox,* 202 N. Y. 616).